Sarah WALKER *v.* COUNTY OF
WASHINGTON

CR 77-227                          564 S.W. 2d 513

Opinion delivered April 24, 1978
(In Banc)

*Murphy & Carlisle,* for appellant.

*Bill Clinton,* Atty. Gen., by: *Joyce Williams Warren,* Asst. Atty. Gen., for appellee.

FRANK HOLT, Justice. A jury convicted appellant, the County Tax Collector, on three counts of failing to keep that office open during the hours required by Washington County Quorum Court Ordinance No. 77-10, as amended, and fined her $50 on each count. Appellant first contends that the ordinance which, *inter alia,* sets office hours for all constitutional offices in Washington County, violates the separation of powers provisions of Article IV of the Arkansas Constitution and Amendment 55 thereto. Appellant states the crux of the issue centers around Amendment 55 of the Ark. Const. (1874) and Act 742 of 1977 clarifying the Amendment.

Ark. Const. Art. IV, § 1 (1874) provides that the state government shall be divided into three departments and § 2 reads that "[n]o person, or collection of persons, being one of these departments, shall exercise any power belonging to either of the others, except in the instances hereinafter expressly directed or permitted." § 1 of Amendment 55

provides that "a county, acting through its Quorum Court may exercise local legislative authority not denied by the Constitution or by law." Following adoption of the Amendment, Act 742 of 1977 was enacted by our legislature. § 40 (d) of that Act, Ark. Stat. Ann. § 17-3502 (d) (Supp. 1977), provides for the separation of powers in county governments.

Appellant contends that Act 742 of 1977, Ark. Stat. Ann. § 17-3807 (Supp. 1977) specifically denies the quorum court legislative power except for those powers enunciated in Amendment 55 and its companion legislation, Ark. Stat. Ann. § 17-3801 (Supp. 1977). § 17-3807 provides in pertinent part:

> A county exercising local legislative power is subject to the following provisions. These provisions are a prohibition on the legislative power of a county acting *other than as provided* . . .
> (e) all laws directing or requiring a county government or any officer or employee of a county government to carry out any function or provide any service. . . . (Italics supplied.)

Appellant argues there is no statutory provision expressly granting the quorum court the power to regulate the rendering of county services, as here, by elected officials.

We agree that the quorum court has no legislative powers other than those expressly directed or permitted. § 4 of Amendment 55 provides, *inter alia,* that "the Quorum Court shall have the power to . . . . adopt ordinances necessary for the government of the county." § 17-3801, § 69 of Act 742, provides:

> As provided by Amendment No. 55, Section 1, (a) of the Arkansas Constitution, a county government acting through its Quorum Court may exercise local legislative authority not expressly prohibited by the Constitution or by law for the affairs of the county. These powers include, but are not limited to: . . . .
> (j) provide for any service or performance of any function relating to county affairs;
> (m) to exercise other powers, not inconsistent with law,

necessary for effective administration of authorized services and functions. . . .

Further, Ark. Stat. Ann. § 17-3802 (1) (Supp. 1977) (§ 70 of Act 742) provides that the quorum court "shall provide through ordinance for the following necessary services for its citizens:"

(c) real and personal property tax administration, including assessments, collection, and custody of tax proceeds; . . . .
(e) all other services prescribed by State law for performance by each of the several elected county officers or departments or county government.

Here the ordinance required all county constitutional offices to be open to serve the public from 8 a.m. until 4:30 p.m. Monday through Friday. The ordinance relates to the performance of appellant in providing necessary services as tax collector to the public and is within the express powers granted the quorum court by the recited provisions of Amendment 55 and Act 742 of 1977. We find no conflict between the ordinance and the separation of powers provisions in our Constitution and companion legislation.

Appellant next contends the court erred in failing to direct a verdict in her favor because there was no substantial evidence showing her violation of the ordinance. A directed verdict is proper only where no fact issue exists and, on appeal, we view the evidence in the light most favorable to the appellee and affirm if there is any substantial evidence to support the verdict. *Burks v. State,* 255 Ark. 23, 498 S.W. 2d 336 (1973). Here we consider only appellant's second motion for directed verdict since the first motion was waived by subsequently offered proof. *Raiborn v. Raiborn,* 254 Ark. 711, 495 S.W. 2d 858 (1973). In the case at bar a deputy sheriff testified that he checked appellant's office on three consecutive days between 3:30 and 3:45 p.m., found the office closed and "a sign on the door that advised they are open from eight (8:00) till three thirty (3:30)." Appellant herself testified that the collection windows were closed at 3:30 p.m. She closed the office at 3:30 except for those persons standing in line in the hall and a taxpayer, who was not in line at that

time, could not pay his taxes. Suffice it to say there was ample substantial evidence that appellant failed to keep her office open to the public until 4:30 as required by the ordinance.

In fairness to the appellant, we note that she, as her predecessors, had for many years closed the collector's office at 3:30 for security and bookkeeping purposes although she and the personnel continued to work until 4:30 and often later. The collection of money after 3:30 posed a security problem since the banks were closed by then. Whether there is an infringement upon the separation of powers, as asserted here, depends upon the facts of each case. On the narrow issue presented, keeping the public office open an additional hour, we cannot say the ordinance is an unreasonable exercise of the quorum court's authority.

Affirmed.

HARRIS, C.J., and HICKMAN, J., concur.