The Honorable John Bynum Prosecuting Attorney 312 W. 2nd P.O. Box 1587 Russellville, AR 72801
Dear Mr. Bynum:
This is in response to your request for an opinion on the following question:
 Once an elected official is given a budget to work with, can the Quorum Court begin transferring monies around in that budget without the elected official requesting the transfer or even approving of it?
Your question presents potential issues involving the "separation of powers" doctrine. Similar to the state government (Ark. Const. art. 4 1 and 2), county government in Arkansas is comprised of separate branches in order to provide a system of checks and balances. See Ark. Const. Am. 55; A.C.A. 14-14-502; Walker v. Washington Co.,263 Ark. 317, 564 S.W.2d 513 (1978). In the classic textbook division of the powers of legislative and executive branches of government, the legislature make the laws and appropriates public revenues, while the executive administers the laws and expends the appropriations. Springer v. The Philippine Islands, 277 189 (1928).
While the power of the legislative branch of government to appropriate is therefore beyond question, it does not follow that a legislative body retains the right to administer a previously approved appropriation. The Arkansas Supreme Court recognized this principle in the case of Chaffin v. Arkansas Game and Fish Comm'n, 296 Ark. 431
(1988), wherein the Court recognized the separation of powers doctrine, and then cited to a Colorado case (Anderson v. Lamm, 195 Colo. 437,579 P.2d 620 (1978)) involving a requirement that an executive agency obtain "approval" by the Joint Budget Committee before spending money which had been appropriated. The Arkansas court quoted the following language from the Colorado case:
 `[T]he legislature may not attach conditions to a general appropriation bill which purport to reserve to the legislature powers of close supervision that are essentially executive in character. We are confronted with such a legislative encroachment on the executive in the present case with respect to appropriations that are conditioned upon certain reports to or approval from the general assembly's Joint Budget Committee.
296 Ark. at 443.
The Chaffin court's citation of another case involving certain line item restrictions in a university system appropriation bill may also offer guidance in addressing your question. The issue in Board of Regents of Higher Education v. Judge,168 Mont. 433, 543 P.2d 1323 (1975), was whether this appropriation bill infringed on the authority of the board, a constitutional body. The Arkansas Supreme Court in Chaffin quoted the following language from the Montana case:
 `[T]he legislature cannot do indirectly through the means of line item appropriations and conditions what it is impermissible for it to do directly. Line item appropriations become constitutionally impermissible when the authority of the Regents to supervise, coordinate, manage and control the university system is infringed by legislative control over expenditures.
Chaffin, 296 Ark. at 437.
The foregoing offers some guidance in dealing with issues involving legislative encroachment with respect to appropriations. It seems clear that the Quorum court cannot administer an appropriation ordinance once made. Attempted legislative control over expenditures raises the specter of a separation of powers infringement.
Whether or not the Quorum Court has unlawfully interfered with executive powers in any given instance is, however, a question of fact, to be resolved by the judiciary based upon the particular circumstances in each case. See, e.g., Walker v. Washington Co. 263 Ark. 317, 564 S.W.2d 513 (1978). We therefore cannot conclusively state in this instance that the action of the Quorum Court in "transferring money around in [an elected official's] budget" violates executive prerogatives. It must be recognized that although the Quorum Court may not involve itself in the day-to-day administrative responsibilities of each elected county official (A.C.A. 14-14-805(2)), it does have the power to make reasonable regulations as to the performance of the duties of a constitutional officer. See 16 C.J.S. Constitutional Law 134 (1984). And it has statutory authority to "adopt, amend, or repeal an appropriation ordinance which incorporates by reference the provisions of any county budget or portion of a county budget . . . without setting forth the provisions of the adopted budget in full." A.C.A. 14-14-907(b).
We can reasonably conclude, however, that an effort to permit expenditures of appropriations only upon approval of the Quorum Court violates the separation of powers doctrine. The action of the Quorum Court should be viewed with this principle in mind.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
STEVE CLARK Attorney General
SC:arb