The Honorable Steve Kirk Prosecuting Attorney 601 South Moose P.O. Box 208 Morrilton, AR 72110
Dear Mr. Kirk:
This is in response to your request for an opinion regarding two Conway County ordinances. Your specific questions are as follows:
 1. Does Ordinance 90-27, which requires a more stringent standard of inventory than A.C.A. § 14-25-106, infringe upon the executive powers of the county judge as defined by A.C.A. § 14-14-1101(a)(3), i.e., `operate the system of county roads?'
 2. Does Ordinance 90-31 infringe upon the executive powers of the county judge as defined by A.C.A. § 14-14-1101(a)(3), i.e., `operate the system of county roads?'
It is my opinion that the answer to both questions is "no." The ordinances do not on their face infringe upon the executive powers of the county judge.
Article 4, Section 1 of the Arkansas Constitution provides that the state government shall be divided into three departments, and Section 2 states that "[n]o person, or collection of persons, being one of these departments, shall exercise any power belonging to either of the other, except in the instances hereinafter expressly directed or permitted." Amendment 55 to the Arkansas Constitution provides, in Section 1, that "[a] county acting through its Quorum Court may exercise local legislative authority not denied by the Constitution or by law." The separation of powers in county governments is set forth in A.C.A. § 14-14-502(b) (1987) as follows: "No person or collection of persons being one of these departments, legislative, executive, or judicial, shall exercise any power belonging to either of the others, except in the instances expressly directed or permitted."
Consideration must then be given in this instance to the quorum court's legislative powers in connection with the county judge's operation of the system of county roads (A.C.A. §14-14-1101(a)(3) (1987)) and custody of county property (A.C.A. §14-14-1101(a)(5) (1987)). These are matters falling within the county judge's executive powers. See Ark. Const. amend. 55, § 3.
The case of Walker v. Washington Co., 263 Ark. 317,564 S.W.2d 513 (1978) offers some guidance in this regard. The county ordinance in that case required all county constitutional offices to be open to serve the public from 8 a.m. until 4:30 p.m., Monday through Friday. The county tax collector contended that the ordinance violated the separation of powers provisions of Article 4 of the Arkansas Constitution and Amendment 55 to the Arkansas Constitution and its enabling legislation (Act 742 of 1977). 263 Ark. at 318. The court set out the general principles governing the quorum court's exercise of its local legislative power, and then focused on the statutory provisions regarding the services and functions of elected county officers. The court noted that in accordance with A.C.A. § 14-14-807 (1987), a county exercising local legislative power is subject to "[a]ll laws directing or requiring a county government, or any officer or employee of a county government, to carry out any function or provide any service. . . ." Id. at 319. The court went on to note, however, that the quorum court's local legislative authority includes the power and duty to provide for services prescribed by state law for performance by the elected county officers (A.C.A. § 14-14-802(a)(5) (1987)), and the power to "[e]xercise other powers, not inconsistent with law, necessary for effective administration of authorized services and functions." A.C.A. § 14-14-801(b)(13) (1987). Id. The court upheld the ordinance, in response to the contention that the quorum court has no power to regulate the rendering of county services by elected officials, based upon its conclusion that "[t]he ordinance relates to the performance of appellant in providing necessary services as tax collector to the public and is within the express powers granted the quorum court by the recited provisions of Amendment 55 and Act 742 of 1977." Id. at 320. The court found no conflict between the ordinance and the separation of powers provisions in the constitution and enabling legislation. Id.
With regard to the county ordinances in question, it is my opinion that the requirements imposed thereunder with respect to county road equipment and materials fall within the quorum court's authority to exercise powers necessary for effective administration of authorized services and functions. See A.C.A. § 14-14-801(b)(13). The county judge has the authority to operate the system of county roads, and he has the custody of and is responsible for the administration, care, and keeping of county property. See Ark. Const. amend. 55, § 3; A.C.A §§ 14-14-1101
and 14-14-1102. The ordinances relate to the provision of these necessary services and do not, in my opinion, constitute an unreasonable exercise of the quorum court's authority. Seegenerally Walker v. Washington Co., supra. It is significant to note in this regard that the information required under A.C.A. § 14-25-106 (1987) is the "minimum" that must be maintained. A.C.A. § 14-25-106(a)(1)(A). It is my opinion that the additional information and method of identification required by the ordinances fall within the quorum court's local legislative authority.[1]
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] Some of this information is already required by state law.See A.C.A. § 14-16-105(d)(2)(B) (Cum. Supp. 1991) (county court's order approving the sale of county property to include the name of the purchaser and the terms of the sale).