The Honorable George Hopkins State Senator 78 Harver Hills Malvern, Arkansas 72104
Dear Senator Hopkins:
This is in response to your request for an opinion on the following question:
 In view of Ark. Statute 14-14-1102 (b)(3), relating to the County Judge's authority as to county property, does the Quorum Court have authority by ordinance or otherwise to designate spaces within county property for Smoking or Non-Smoking and to establish rules and procedures for the enforcement of the Ordinance?
Although you have not presented any particular ordinance for my review, it is my opinion, generally, that the answer to your question is in all likelihood "yes." The quorum court does have the authority to regulate smoking on county property.
As you have noted, A.C.A. 14-14-1102 (b)(3) gives the county judge the "custody of county property," and states that he or she "shall be responsible for the administration, care, and keeping of such county property, including the right to dispose of county property in the manner and procedure provided by law for the disposal of county property by the county court. The county judge shall have the right to assign or not assign use of such property. . . ." This authority emanates from Amendment 55 to the Arkansas Constitution, which states that the county judge shall "have custody of county property. . . ." Amendment 55, 3.
It should also be recognized, however, that the county quorum court is authorized by Amendment 55 to "exercise local legislative authority not denied by the Constitution or by law." Additionally, Section 4 of that amendment states that the quorum court has the power to "adopt ordinances necessary for the government of the county." Finally, the quorum court has the power to "[e]xercise the powers, not inconsistent with law, necessary for effective administration of authorized services and functions." A.C.A. 14-14-801(b)(13).
On the one hand, therefore, the county judge has custody and responsibility for the care and administration of county property, and on the other hand the quorum court has the power to adopt ordinances necessary for the operation of county government. A similar conflict of authority was addressed in Walker v. Washington County, 263 Ark. 317, 564 S.W.2d 513 (1978). In Walker, a county ordinance required all county constitutional offices to be open and serve the public from 8:00 a.m. until 4:30 p.m. Monday through Friday. The county collector, who was convicted of violating the ordinance, challenged its validity as running afoul of the separation of powers doctrine. He argued that the quorum court (the legislative branch) had no authority to encroach upon the authority of the county constitutional officers (the executive branch) by setting hours of operation for their offices. The court, citing the quorum court's constitutional and statutory authority, rejected this argument and found "no conflict between the ordinance and the separation of powers provisions of our Constitution and companion legislation." 263 Ark. at 320.
It is therefore reasonable to conclude that if the county quorum court has authority to, by ordinance, set the hours of operation of county constitutional offices, it would similarly have the authority to designate smoking areas for such offices and other county property. The fact that the county judge has "custody" of county property, and may act with regard to its maintenance, disposal or assignment (see A.C.A. 14-14-1102(b)(3)), in my opinion, does not preclude the quorum court from regulating activities which occur therein.
As a final matter, it should be noted that to the extent the smoking policy has been adopted as an "employee policy or practice," the quorum court is given specific authority to regulate such matters. A.C.A. 14-14-805.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh