The Honorable Steve Oglesby State Representative P.O. Box 1 Hatfield, AR 71945
Dear Representative Oglesby:
This is in response to your request for an opinion regarding the legality of Montgomery County, Arkansas Ordinance No. 2000-27, which is entitled:
 A GENERAL ORDINANCE DECLARING A FINANCIAL EMERGENCY AND REQUIRING THE ISSUANCE OF PURCHASE ORDERS PRIOR TO OBLIGATING AND EXPENDING APPROPRIATED COUNTY GENERAL REVENUE FUNDS FOR THE YEAR 2000 IN THE BUDGETS CONTROLLED BY THE MONTGOMERY COUNTY SHERIFF AND DECLARING EMERGENCY.
The Ordinance recites the fact that as of September 7, 2000, approximately 82% of the Sheriff's budget has been expended, and that an emergency exists within the budgets controlled by the Sheriff. Under the Ordinance, the Sheriff must present a "request for approval" to the Finance Committee of the Montgomery County Quorum Court "prior to obligating any and all appropriated county general revenue funds for the rent, lease, trade, repair, purchase, or payment of any salary and related match or fringe benefits, goods, supplies, services, fuel, oil, tires, equipment, or any other items or things — regardless of value. . . ." See Ordinance at paragraph 1. If the request is approved, a Purchase Order will be issued by the County Judge; otherwise, the Sheriff is prohibited from making any purchase or obligating the County for any expenditure of appropriated funds. Id. At paragraphs 2 and 3.
RESPONSE
While the Quorum Court is understandably concerned with ensuring fiscal responsibility under these circumstances, it is my opinion that if challenged, this ordinance would in all likelihood fail to withstand scrutiny under the separation of powers doctrine.
Similar to the state government, (see Ark. Const. art. 4, §§ 1 and 2), county government in Arkansas is comprised of separate branches in order to provide a system of checks and balances. See Ark. Const. amend. 55; A.C.A. § 14-14-502; Walker v. Washington Co., 263 Ark. 317,564 S.W.2d 513 (1978). Under the classic division of the powers, the legislature makes the laws and appropriates public revenues, the executive administers the laws and expends the appropriations, and the judiciary interprets the laws. Federal Express Corp. v. Skelton, 265 Ark. 187,578 S.W.2d 1 (1979).
While the power of the legislative branch of government to appropriate is therefore beyond question, it does not follow that a legislative body retains the right to administer a previously approved appropriation. The Arkansas Supreme Court recognized this principle in the case of Chaffinv. Arkansas Game and Fish Comm'n, 296 Ark. 431, 757 S.W.2d 950 (1988), wherein the court recognized the separation of powers doctrine, and then cited to a Colorado case (Anderson v. Lamm, 195 Colo. 437, 579 P.2d 620
(1978)), involving a requirement that an executive agency obtain "approval" by the legislative Joint Budget Committee before spending money which had been appropriated. The Arkansas court quoted the following language from the Colorado case:
 `[T]he legislature may not attach conditions to a general appropriation bill which purport to reserve to the legislature powers of close supervision that are essentially executive in character. We are confronted with such a legislative encroachment on the executive in the present case with respect to appropriations that are conditioned upon certain reports to or approval from the general assembly's Joint Budget Committee.
296 Ark. at 443.
The Chaffin court's citation of another case involving certain line item restrictions in a university system appropriation bill is also instructive. The issue in Board of Regents of Higher Education v. Judge,168 Mont. 433, 543 P.2d 1323 (1975), was whether this appropriation bill infringed on the authority of the board, a constitutional body. The Arkansas Supreme Court in Chaffin quoted the following language from the Montana case:
 `[T]he legislature cannot do indirectly through the means of line item appropriations and conditions what it is impermissible for it to do directly. Line item appropriations become constitutionally impermissible when the authority of the Regents to supervise, coordinate, manage and control the university system is infringed by legislative control over expenditures.
Chaffin, 296 Ark. at 437.
The foregoing offers guidance in dealing with issues involving legislative encroachment with respect to appropriations. It seems clear from these principles that the Quorum Court cannot administer an appropriation ordinance once made. From my reading of the Montgomery County ordinance in question (Ordinance No. 2000-27), this is precisely what would occur under this measure. This appears to fall squarely within the conclusion reached in Attorney General Opinion 91-398, which was issued in response to the question:
 Should a sheriff or other county official need to go before a quorum court for approval before purchasing equipment that has been previously budgeted?
Id. at 1.
The Opinion concluded that the answer to this question is generally "no," under separation of powers. The Opinion stated:
 [I]t is my opinion that a sheriff or other county elected official need not go before a quorum court for approval before purchasing equipment which has already been `budgeted' as long as there is a validly adopted existing appropriation by the quorum court for the expenditure.
Id, citing Op. Att'y Gen. 89-206 (concluding that an effort to permit expenditures of appropriation only upon approval of the quorum court violates the separation of powers doctrine).
The decision whether or not a quorum court has unlawfully interfered with executive powers in any given instance is, of course, ultimately a matter to be resolved by the judiciary based upon the particular circumstances.See, e.g., Walker v. Washington Co., 263 Ark. 317, 564 S.W.2d 513
(1978). Additionally, as this office has previously noted (see Op. Nos. 91-398 and 89-206), a quorum court has statutory authority to "adopt, amend, or repeal an appropriation ordinance which incorporates by reference the provisions of any county budget or portion of a county budget . . . without setting forth the provisions of the adopted budget in full." A.C.A. § 14-14-907(b). Regarding this particular ordinance, however, it is my conclusion that a separation of powers challenge would in all likelihood succeed given the fact that the measure purports to permit expenditures of appropriations only upon approval of the Quorum Court. This exercise of control over expenditures of funds under another elected official's budget is undoubtedly the type of "overruling influence" that has been deemed impermissible. See generally Chaffin,supra, and Oates v. Rogers, 201 Ark. 335, 144 S.W.2d 437 (1940).
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:EAW/cyh