The Honorable Preston Scroggin The Honorable Marvin Parks State Representative State Representative 59 Marshall Road South 44 Treasure Creek Road Vilonia, AR 72173-9335 Greenbrier, AR 72058
Dear Representatives Scroggin and Parks:
I am writing in response to your request for an opinion on the following question:
 To what extent, if any, may a City Council set working hours for the Mayor?
RESPONSE
It is my opinion, as a general matter, that a city council in all likelihood may establish the hours during which the office of mayor must be open. Because it is unclear, however, to what extent a city council may direct the day-to-day operation of an executive office, I doubt that the council could dictate the hours that the mayor must be physically present in his or her office.
There is no provision in the Arkansas Code addressing the issue of working hours for the mayor. The city council is authorized by A.C.A. §14-43-504(b)(3) (Repl. 1998) to prescribe "such other duties" of the mayor (i.e., in addition to those prescribed by law) as are "compatible with the nature of his office. . . ." The city council also possesses local legislative authority regarding city affairs. See A.C.A. §14-43-502 (Supp. 2001). This office has previously opined that these provisions offer persuasive support for the council's authority to establish the hours during which the city office must be open. Op. Att'y Gen. 96-328. Cf. Walker v. Washington Co., 263 Ark. 317, 564 S.W.2d 513
(1978) (upholding an ordinance, enacted pursuant to the quorum court's local legislative authority, requiring that all county constitutional offices be open to serve the public from 8:00 a.m. until 4:30 p.m.) It is my opinion that additional support for the city council setting the hours of the office may be found in A.C.A. § 14-43-401(a)(2) (Repl. 1998), wherein it provides that "[t]he mayor shall keep an office at some convenient place in the city, to be provided by the city council. . . ."
I cannot conclude from the above provisions, however, that the council is authorized to require the actual physical presence of the mayor during the prescribed office hours. It seems to me that this would go beyond prescribing the duties, and would arguably intrude upon the mayor's authority, as the chief executive (See A.C.A. § 14-43-504(a)), to determine how those duties will be performed. Although the council, as noted above, may require other duties of the mayor, I have found no authority for the proposition that the council supervises the mayor.Compare A.C.A. § 14-43-504(b)(1) (providing that the mayor shall supervise the conduct of city officers).
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:EAW/cyh