The Honorable Jim Holt State Representative 2835 South 56th Street Springdale, AR 72763-0884
Dear Representative Holt:
You have requested my opinion on the following question:
 If a county sheriff is paid by government funds to operate and dispatch a radio system for the county's small town municipal law enforcement can the sheriff deny radio access to a constable if the constable is a state certified law enforcement officer?
RESPONSE
As an initial matter, I note that the arrangement you have referenced under which the county is providing law enforcement services to municipalities is unclear. If such services are being provided pursuant to an interlocal agreement, the terms of that agreement may address the question you have raised and must therefore be consulted.
In the absence of an interlocal agreement providing otherwise, it is my opinion that state law does not require the county sheriff to permit constables to use the sheriff's radio system that is paid for with county funds. Accord, Op. Att'y Gen. No. 91-394. It is not clear whether you are referring to a radio communications system, or to a radio system that is used to obtain access to the Arkansas Crime Information Center. In neither case does state law require the sheriff to grant constables access to such county equipment.
However, state law does not prohibit the sheriff from doing so, and for this reason, it is possible that under certain factual circumstances, the quorum court may have the authority to require the sheriff to do so.
The county quorum court has the authority to appropriate county funds (such as the funds that would be necessary for the purchase of the sheriff's radio equipment), and to a certain limited extent, the quorum court has some authority to direct the manner in which such county funds are used. This authority is set forth in A.C.A. § 14-14-801, which states:
 (a) As provided by Arkansas Constitution, Amendment 55, Section 1, Part (a), a county government, acting through its county quorum court, may exercise local legislative authority not expressly prohibited by the Arkansas Constitution or by law for the affairs of the county.
(b) These powers include, but are not limited to, the power to:
* * *
 (2) Appropriate public funds for the expenses of the county in a manner prescribed by ordinance[.]
A.C.A. § 14-14-801 (emphasis added).
Moreover, the quorum court has the authority to:
 (10) Provide for any service or performance of any function relating to county affairs;
and to:
 (13) Exercise other powers, not inconsistent with law, necessary for effective administration of authorized services and functions.
A.C.A. § 14-14-801(10)(13).
In addition, the quorum court is specifically authorized by state law to provide funding for the activities of constables in carrying out their various duties. See A.C.A. § 14-14-1203.[1]
If the facts of the case are such that the quorum court would be justified in finding as a factual matter that granting the constable access to the sheriff's radio equipment would constitute a service or function related to county affairs (within the meaning of A.C.A. §14-14-801(10)), or that such access by the constable was necessary for the effective administration of certain county services and functions (within the meaning of A.C.A. § 14-14-801(13)), the quorum court could, under those circumstances, enact an ordinance requiring the sheriff to permit the constable to use the equipment.[2]
I acknowledge that this conclusion could give rise to questions about the principle of separation of powers. The separation of powers within county government is governed by A.C.A. § 14-14-502. That statute distributes the powers of government between the legislative, judicial, and executive branches of county government, and states the following limitation:
 (b) LIMITATIONS. No person or collection of persons being one of these departments, legislative, executive, or judicial, shall exercise any power belonging to either of the others, except in the instances expressly directed or permitted.
A.C.A. § 14-14-502(b).
The Arkansas Supreme Court addressed a separation of powers challenge brought pursuant to this provision in Walker v. Washington Co.,263 Ark. 317, 564 S.W.2d 513 (1978). In that case, a county tax collector argued that the quorum court had violated the separation or powers limitation by enacting an ordinance requiring all elected constitutional officers of the county to keep certain office hours. The court rejected the argument, holding that the quorum court had the authority under the statutes quoted above, to enact such an ordinance. The court held specifically that the ordinance in question related to the performance of the tax collector in providing necessary services to the public, and was thus within the express grant of authority to the quorum court. The court specifically pointed out that the question of whether there is an infringement of separation of powers is a factual question that must be determined on a case-by-case basis.
It is my opinion that under the limited facts described above, an ordinance requiring the sheriff to permit the constable to use the sheriff's radio equipment could be analogous to the ordinance that the court upheld in Walker. That is, under the proper factual circumstances, such an ordinance could fall within the quorum court's express grant of authority in A.C.A. § 14-14-801, and thus not violate the separation of powers principle.
Regarding a constable's use of the sheriff's equipment in order to obtain access to the Arkansas Crime Information Center, it should be noted that such access can only be obtained in accordance with the requirements of state law and the Rules and Regulations of the Supervisory Board for the Crime Information Center. See A.C.A. § 12-12-201 et seq.; A.C.A. §12-12-1001 et seq.; the Board's Rules and Regulations; Op. Att'y Gen. No. 91-394. A constable who is certified by the Arkansas Commission on Law Enforcement Standards and Training (or who has such a certified law enforcement officer in his department), as required by A.C.A. §12-12-211(c), see Op. Att'y Gen. No. 93-266, is eligible to apply for access to the Arkansas Crime Information System, pursuant to the Rules and Regulations of the Supervisory Board for the Crime Information Center. See A.C.A. §§ 12-12-1008, -1009, -1010, -1011; Section 3 of the Board's Rules and Regulations; Op. Att'y Gen. No. 91-394.
To summarize, it is my opinion that state law does not require sheriffs to permit constables to use their radio communications systems, or their systems for obtaining access to the Arkansas Crime Information Center, even if the constable is a certified law enforcement officer and is otherwise qualified. However, under certain limited factual circumstances, the county quorum court may be authorized to impose such a requirement on the sheriff. Access to the Arkansas Crime Information Center can only be granted in accordance with the requirements of state law and with the Rules and Regulations of the Supervisory Board of the Arkansas Crime Information Center. In order for a constable to obtain access to the Arkansas Crime Information Center, he must be certified by the Arkansas Commission on Law Enforcement Standards and Training, or have such a certified law enforcement officer in his department.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
[1] For discussions of the duties of constables, see Ops. Att'y Gen. Nos. 91-394; 91-039.
[2] It should be noted that under A.C.A. § 12-10-202, it is unlawful to transmit over a communications frequency assigned to a law enforcement agency or department without the approval of the agency or department head (or that person's designee). In my opinion, this statute does not have the effect of granting the sheriff unlimited authority over the manner in which county radio equipment is used. Rather, this statute is aimed at preventing unauthorized use of such equipment.