The Honorable Barbara Horn State Senator P.O. Box 64 Foreman, AR 71836-0064
Dear Senator Horn:
I am writing in response to your request for my official opinion on the following questions:
 1. Who has jurisdiction over an elected county official's property purchases that have been purchased within the budget of the elected county official?
 2. Who has the authority to determine who is allowed within an office of an elected county official?
RESPONSE
With respect to your first question, unless a statute expressly provides otherwise as to particular property, I believe the elected official will control the use of property purchased for official purposes so long as its use is consistent with the appropriation that authorized the purchase. As the custodian of county property, the county judge may be authorized to challenge a noncomplying use of such property. With respect to your second question, subject to the requirement that the public be afforded access to public records under the Freedom of Information Act and so long as a policy does not keep an official from performing his job, I believe the elected official controls access to his office.
Question 1: Who has jurisdiction over an elected county official'sproperty purchases that have been purchased within the budget of theelected county official?
Given that your question refers to property that has already been purchased, I assume you are asking if an elected county official has the discretion to determine how such property will be used in his office. In my opinion, the answer to this question is "yes," so long as the use is consistent with the use specified in the appropriation and no statute locates control over specific property in some other individual or entity.
As one of my predecessors explained in Ark. Op. Att'y Gen. No. 2001-305:
 Similar to the state government (see Ark. Const. art. 4, §§ 1 and 2), county government in Arkansas is comprised of separate branches in order to provide a system of checks and balances. See Ark. Const. amend. 55; A.C.A. § 14-14-502 (Supp. 2001); Walker v. Washington Co., 263 Ark. 317, 564 S.W.2d 513 (1978). Under the classic division of the powers, the legislature makes the laws and appropriates public revenues, the executive administers the laws and expends the appropriations, and the judiciary interprets the laws. Federal Express Corp. v. Skelton, 265 Ark. 187, 578 S.W.2d 1 (1979). The quorum court's appropriation power is also clearly expressed under A.C.A. § 14-14-801
(Repl. 1998), part of the enabling legislation to Amendment 55, which recognizes that this power emanates from the local legislative authority vested in the quorum court under Amendment 55. Amendment 55 also delineates the power and duty of the county judge as regards appropriations by the quorum court. Section 3 provides in part that the county judge shall "authorize and approve disbursement of appropriated county funds[.]" The enabling legislation to Amendment 55 elaborates on the procedures to be followed by the county judge in this regard. Arkansas Code Annotated § 14-14-1102(b)(2)(B) (Repl. 1998) provides that before approving any voucher for the payment of county funds, the judge shall determine that:
 (i) There is a sufficient appropriation available for the purpose and there is a sufficient unencumbered balance of funds on hand in the appropriate county fund to pay therefor;
 (ii) The expenditure is in compliance with the purposes for which the funds are appropriated;
 (iii) All state purchasing laws and other state laws or ordinances of the quorum court are complied with in the expenditure of the moneys;
 (iv) The goods or services for which expenditure is to be made have been rendered and the payment thereof has been incurred in a lawful manner and is owed by the county. However, a county judge may approve, in advance, claims payable to the University of Arkansas Cooperative Extension Service for educational services to be rendered during all or part of the current fiscal year.
 Thus, as general propositions of law, the disbursement of county funds must be preceded by an appropriation of the quorum court and be approved by the county judge.
The county judge is additionally responsible for "the administration, care, and keeping" of county property in accordance with law. A.C.A. §14-14-1102(b)(3) (recognizing that the county judge "shall have custody of county property.") See also Ark. Const. amend. 55, § 3. However, as declared in A.C.A. § 14-14-805(2): "The day-to-day administrative responsibility of each county office shall continue to rest within the discretion of the elected county officials." There appears to be some tension between these two statutes insofar as the county judge's "custody" of county property might suggest an element of control inconsistent with an elective official's "administrative responsibility" over his office. One of my predecessors addressed this tension as follows in Ark. Op. Att'y Gen. No. 2001-305:
 The county collector is charged with the day-to-day administrative responsibility of his office (A.C.A. § 14-14-805(2)), an obligation that in my estimation includes maintaining and operating the automation system. At the same time, the county judge is responsible for "the administration, care, and keeping" of county property. A.C.A. § 14-14-1102(b)(3) (recognizing that the county judge "shall have custody of county property.") See also Ark. Const. amend. 55, § 3. While I can conceive of facts that might give rise to a potential conflict between these two areas of authority, I cannot speculate as to the outcome in the absence of a particular factual scenario.
As a general matter, I believe that the county judge's custodial responsibility is limited with respect to property that has properly been purchased on behalf of another elected official. In my opinion, so long as such property is put to the use authorized by the quorum court, the elected official will control its use pursuant to his administrative control. However, the county judge may have some ultimate custodial control to challenge a clear misuse of county property devoted to the operations of another elected official. As suggested in the passage just quoted, I cannot address this possibility in the abstract.
Question 2: Who has the authority to determine who is allowed within anoffice of an elected county official?
As noted in my response to your first question, pursuant to A.C.A §14-14-805(2), elected officers exercise "the day-to-day administrative responsibility" over their offices. In my opinion, subject to the crucial condition that an elected official must allow access consistent with the performance of his job,[1] implicit in this charge is control over who has access to the official's office. An official's discretion with respect to access is further limited by the requirement that the public must be permitted to inspect public records during regular business hours. A.C.A §§ 14-14-110(a) and 15-19-105; Ark. Ops. Att'y Gen. Nos.2000-244 and 96-328.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:JD/cyh
[1] An official who fails to discharge this duty is subject to removal from office upon a circuit court's factual determination that he is guilty of nonfeasance. A.C.A § 14-42-109; see discussion in Ark. Op. Att'y Gen. No. 2000-244.