The Honorable Bill Scrimshire State Representative 1712 Haltom Road Malvern, AR 72104-2107
Dear Representative Scrimshire:
I am writing in response to your request for my opinion on the following question:
 Whether the boards and commissions for Hot Spring County, State of Arkansas can act independently from the Quorum Court of the County of Hot Spring, once the said board or the said commission is established. More specifically, whether the Quorum Court can interfere on how the board or the commission spends their money and how daily business is performed.
 These said boards and commissions for Hot Spring County that I am referring to are as follows:
 Hot Spring County Medical Center Board of Directors, City of Malvern Revolving Loan Fund Board of Directors, Industrial Development Committee-Board of Directors, Hot Spring County Library Board of Directors, 911 Public Facilities Board, Malvern, Hot Spring County School Board, Malvern Chamber of Commerce, Hot Spring County Solid Waste Authority Board and Ouachita Regional Jail Facility Board.
RESPONSE
In my opinion, the Quorum Court of Hot Spring County may exercise some degree of control over some of the boards and committees referenced. I will specifically set out my opinion as to each board below.
As a preliminary matter, I wish to review the powers and authority granted a Quorum Court. The Quorum Court is the legislative branch of county government. Ark. Const. Art. 4 §§ 1 and 2; and A.C.A. § 14-14-502
(Supp. 2003). Specifically, A.C.A. § 14-14-502(b)(1) provides:
 LEGISLATIVE. All legislative powers of the county governments are vested in the quorum court. The people reserve to themselves the power to propose county legislative measures and to enact or reject them at the polls independent of the quorum court. The people also reserve to themselves the power, at their option, to approve or reject at the polls any entire ordinance enacted by the quorum court.
As the legislative branch of county government, the Quorum Court makes the laws and appropriates public revenues. Federal Express Corp. v.Skelton, 265 Ark. 187, 197-98, 578 S.W.2d 1 (1979). See also Op. Att'y Gen. 2004-177; and Op. Att'y Gen 2000-262 (citing Walker v. WashingtonCo., 263 Ark. 317, 564 S.W.2d 513 (1978)). County governments must observe the separation of powers doctrine between their branches of government. A.C.A. § 14-14-502(c). The Quorum Court clearly has the power to appropriate funds. Skelton, supra; see also A.C.A. § 14-14-801 (Supp. 2003). The Quorum Court, however, may not intrude on the functioning of the executive branch by creating a line-item budget that infringes on the executive's power to supervise, manage, control, and execute the laws.Chaffin v. Arkansas Game and Fish Comm'n, 296 Ark. 431, 443-44,757 S.W.2d 950 (1988). See also Op. Att'y Gen. 89-206.
The Quorum Court has the authority to establish advisory or administrative boards under A.C.A. § 14-14-705 (Repl. 1998) through ordinances. This establishing ordinance will define what authority and powers, and with what limitations, the Quorum Court grants to the board.Id. It is axiomatic that the Quorum Court may not grant more power than it possesses. See, e.g. Op. Att'y Gen. 87-11. Administrative or advisory boards created pursuant to A.C.A. § 14-14-705 are executive in nature. An advisory board created under A.C.A. § 14-14-705(1) is to assist a county office, department, or subordinate service district. Id. The executive branch of the county government includes the elected officials as prescribed in A.C.A. § 14-14-502 as well as any departments created by the quorum court under the supervision and direction of an executive officer under A.C.A. § 14-14-704 (Repl. 1998). Advisory boards, therefore, are part of the executive branch of the county government. Administrative boards are authorized under A.C.A. § 14-14-705(2) and exercise administrative powers under an enabling ordinance. Id. By definition, it is the executive branch which "administers" the laws. Skelton,265 Ark. at 198. Administrative boards are also creatures of the executive branch of county government.
The day-to-day operations of the county government are, by and large, left to the elected officials of the county as per A.C.A. § 14-14-502. Specifically, A.C.A. § 14-14-805(2) (Repl. 1998) provides that, "The day-to-day administrative responsibility for each county office shall continue to rest within the discretion of the elected county officials."See also, Op. Att'y Gen. 2004-177. When a legislative body reserves, through an appropriations bill or ordinance, the power of close supervision of an executive body, it is in danger of violating the separation of powers doctrine discussed above. Chaffin,269 Ark. at 443-44. See also, Op. Att'y Gen. 2000-262. I will reiterate that the advisory and administrative boards must be established by ordinance and that the Quorum Court may impose certain limitations on the Boards' power through the enabling ordinance. Furthermore, with respect to the expenditures of budget, my predecessor opined that a county official did not need to go before the Quorum Court for approval of a purchase that had already been budgeted. Op. Att'y Gen. 91-398. I agree with this opinion and reiterate that as long as there has been a valid appropriation by the Quorum Court, a county executive official does not need to go before the Quorum Court for approval of a purchase. Id.; see also Op. Att'y Gen. 2000-262; and Op. Att'y Gen. 89-206.
I will now turn to each of the boards and committees you have referenced and opine as to the extent of the quorum court of Hot Spring County's power with respect to the boards and committees.
Hot Spring County Medical Center Board of Directors
Assuming that the Hot Spring County Medical Center Board of Directors is a county medical board under A.C.A. §§ 14-263-101 through -106 (Repl. 1998), I opine that the Quorum Court may exercise its legislative powers insofar as the Quorum Court does not impede the statutorily mandated duty of such a board. I initially note that a medical center board of directors is the same as a Board of Governors under A.C.A. § 14-263-101.See, e.g. Berry v. Saline Memorial Hospital, 322 Ark. 182, 907 S.W.2d 736
(1995) (using the terms "board of directors" and "board of governors" interchangeably). The Quorum Court may set the budget and otherwise exercise normal legislative influence on the operations of the county board of directors. A.C.A. §§ 14-263-101 and 14-263-103 (Repl. 1998). The Quorum Court may not, however, impermissibly infringe on the execution of the administrative authority of the board through line-item appropriations. Chaffin, 269 Ark. at 443-44.
I believe that the quorum court may be able to exercise a certain degree of control through normal legislative means. Whether the quorum court has impermissibly interfered with the executive duties of the board is ultimately a matter to be resolved by the judiciary based upon the entire factual situation. See Op. Att'y Gen. 2000-262. As my predecessor noted, the Quorum Court does retain the statutory authority to "adopt, amend, or repeal" appropriation ordinances. Id. This is limited by the statutory requirement that, if a county owns a hospital, there must be a board of governors charged with the management, control, and operation of the hospital. A.C.A. § 14-263-103. The quorum court cannot limit the budget such that the statutorily required duties of the county hospital board of governors are impracticable. The question of whether a particular appropriation violates the separation of powers doctrine is to be determined by the judiciary.
City of Malvern Revolving Loan Fund Board of Directors
I am unable to determine from your request for an opinion what form of revolving loan fund board is at issue. The Arkansas Code provides a number of different authorizations for revolving loan fund boards for various purposes. Among those are Small Business Revolving Loan Fund under A.C.A. § 15-5-707 (Repl. 2000), Historic Preservation Revolving Loan Fund under A.C.A. § 19-5-1003 (Repl. 1998), and Juvenile Detention Facilities Revolving Loan Fund under A.C.A. § 19-5-1035 (Repl. 1998). I have found no statutory authority specifically for a municipal revolving loan fund. If this Board has been created under the general power of the Quorum Court to empanel advisory or administrative boards, it is subject to the same limitations and powers as described above. I will not speculate further as to what this board may or may not be empowered to do under its enacting ordinance.
Industrial Development Committee-Board of Directors
I assume that you are asking about the Industrial Development Corporation of Hot Spring County ("IDC"). The IDC was established under the Industrial Corporations Act codified at A.C.A. §§ 15-4-501 through 525 (Repl. 2000 Supp. 2003). The IDC is, therefore, a creature purely of statute and a private non-profit corporation under A.C.A. § 15-4-513
(Supp. 2003). See also Op. Att'y Gen 2004-055. The County of Hot Spring is authorized to invest in the bond issues of the IDC according to A.C.A. § 15-4-523 (Supp. 2003). See also McCutchen v. Huckabee,328 Ark. 202, 943 S.W.2d 225 (1997) (holding that an appropriation by the quorum court to a multi-purpose civic facilities board did not implicate Art. 12, § 5 of the Arkansas Constitution); and Op. Att'y Gen.2004-055 (opining that a county could enter a contract with an Industrial Development Corporation as long as it was supported by adequate consideration); but cf. Op. Att'y Gen. 1999-408
(opining that it would be unconstitutional, even under a statutory authorization, for a municipality to give charitable funds to private non-profit corporations). Such corporations are not, however, creatures of the county created by the Quorum Court.
It is my opinion that the Quorum Court does not have the authority to set the budget for the IDC, beyond investing as per A.C.A. § 14-5-523, nor does the Quorum Court have any authority over the day-to-day operations of the IDC. If the county entered into a valid contract with the IDC, as discussed in Op. Att'y Gen. 2004-055, then the terms of the contract would need to be scrutinized with respect to the Quorum Court's involvement in day-to-day operations relating to the contract.
Hot Spring County Library Board of Directors
Statutory authority for a Quorum Court to establish a county library board is found at A.C.A. §§ 13-2-401 through 409 (Repl. 1999 Supp. 2003). It provides that any county creating a county library may create a board to manage the library. A.C.A. § 13-2-401 (Repl. 1999). My predecessor opined that a County Library Board is subject to the same budget restrictions and oversight of any other county board pursuant to the Quorum Court's legislative powers except that A.C.A. § 13-2-401
places a burden on the Quorum Court to appropriate sufficient funds to the library and library board to support, operate, and maintain the library or library system. Op. Att'y Gen. 2001-012. As discussed with regard to the Hot Spring County Medical Center Board of Directors, the Quorum Court therefore holds a degree of input commensurate with its power as the legislative branch of the county. The Quorum Court is restricted from usurping the executive functions of this board indirectly through the appropriations process.
As discussed above, whether the Quorum Court has violated the separation of powers doctrine through its appropriations ordinance is a question requiring a factual determination that this office is neither able nor empowered to provide.
911 Public Facilities Board
I have enclosed a copy of Opinion 2003-377 that you requested last year where I opined that the extent of a 911 Facility Board's autonomy is determined by the language of the Quorum Court's enabling ordinance. I reiterate my opinion from 2003-377 that the Quorum Court may place limitations on the powers granted this board under A.C.A. § 14-14-705.
Hot Spring County School Board
I cannot offer an opinion relating to this entity. I am unable to determine the nature of this Board from your request for an opinion. I begin by noting that Hot Spring County does not have a school district encompassing the entire county.[1] Furthermore, it is unclear whether this is a county board established for some unenumerated purpose under A.C.A. § 14-14-705 or whether this is county board of education remnant under A.C.A. § 6-12-114(a)(2)(A) (Repl. 1999).[2] If it were formed as an administrative or advisory board under A.C.A. § 14-14-705, then the previous discussions of the Quorum Court's power with respect to the Hot Spring County Medical Center Board of Directors, the City of Malvern Revolving Loan Trust Fund Board of Directors, the Hot Spring County Library Board of Directors, and the 911 Public Facilities Board, Malvern would all apply. Because I cannot determine the exact nature of this Board, I cannot offer an opinion as to its interaction with the Quorum Court of Hot Spring County.
Malvern Chamber of Commerce
A chamber of commerce is a private, non-profit corporation. See, e.g.
Op. Att'y Gen. 2001-364, and Op. Att'y Gen. 96-287. The Arkansas Constitution prohibits a county from being:
 a stockholder in any company, association, or corporation; or obtain or appropriate money for, or loan its credit to, any corporation, association, institution or individual.
Ark. Const. Art. 12, § 5. Unlike the IDC, there is no statutory authorization for a Chamber of Commerce. The opinion request implies that the Quorum Court is appropriating moneys to the Malvern Chamber of Commerce.[3] I have previously opined, as have my predecessors, that a county or other municipality may not appropriate funds to a private, non-profit corporation such as a chamber of commerce. Such an action is likely unconstitutional under Article 12, § 5 of the Arkansas Constitution which provides that a county may not become a stockholder in any company, association or corporation. See Op. Att'y Gen. 2004-055
(opining that donating property to a private, non-profit corporation is unconstitutional), Op. Att'y Gen. 96-287 (opining that a local government's appropriation of funds to a local chamber of commerce was unconstitutional), and Halbert v. Helena-West Helena IndustrialDevelopment Corp., 226 Ark. 620, 624-625, 291 S.W.2d 802 (1956) (holding that a municipality may not contribute to a private, non-profit corporation even if the corporation serves a public purpose); see also
A.C.A. § 26-75-606 (c) (2) (C) (prohibiting gross receipt sales tax revenue from subsidizing a chamber of commerce). Like the IDC, however, a county could contract with a private nonprofit corporation for services as long as there is adequate consideration. See Op. Att'y Gen. 2004-055.
In response to your question, I opine that the quorum court should have no influence over the day-to-day operations of the Malvern Chamber of Commerce except for any monitoring of contracts that are properly supported by consideration between the county and the Chamber. I also opine that the quorum court's influence on how the Chamber of Commerce expends funds is limited to the provisions of any valid contracts between them.
Hot Spring County Solid Waste Authority Board
The Hot Spring County Solid Waste Authority has been the subject of opinions from my predecessors. See Ops. Att'y Gen 92-045 and 91-156. In those opinions it was noted that the Hot Spring County Solid Waste Authority is a joint county and municipal solid waste authority organized under A.C.A. §§ 14-233-101 through -122 (Repl. 1998 Supp. 2003). The statute provides that a solid waste authority board shall have the power to issue bonds for projects and may contract with any municipal or county constituent members for the disposal of solid waste. The Quorum Court's power in this instance is limited to the powers given to it in the ordinances creating the authority from its constituent members and the articles of incorporation. See A.C.A. 14-233-105 (Supp. 2003). It is my opinion that the Quorum Court of Hot Spring County may only exercise so much control over the budget, expenditures, and day-to-day operations of the Hot Spring County Solid Waste Authority Board as set forth in the enabling ordinances.
Ouachita Regional Jail Facility Board
Regional Jail facilities can be created through interlocal agreements pursuant to A.C.A. §§ 25-20-101 through -108 (Repl. 2002 Supp. 2003). I have found no record of this office approving an interlocal agreement to create the Ouachita Regional Jail Facility Board as required under A.C.A. § 25-20-104(f) (Repl. 2002). I also note that this board could have been created pursuant to a valid contract for services between the county and municipalities involved. See, e.g. Op. Att'y Gen. 93-298. Finally, it is possible that the Hot Spring County Quorum Court has created an advisory or administrative board under A.C.A. § 14-14-705 by this name. In that case, the discussions in the preceding sections regarding similar boards would apply here as well. I am unable to determine from your request for an opinion under what authority the Ouachita Regional Jail Facility Board was created. I, therefore, decline to speculate as to what autonomy this Board may or may not have and how the Quorum Court may or may not interact with this entity.
Assistant Attorney General Joel DiPippa prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:JD/cyh
Enclosure
[1] Hot Spring County actually contains five separate school districts: Bismark, Glen Rose, Magnet Cove, Malvern and Ouachita. Furthermore both Centerpoint and Poyen school districts encompass some territory within Hot Spring County.
[2] A.C.A. § 6-12-114 (a) (1) provides that, by July 1, 2000, all county boards of education, county board of education designees, or county school supervisors shall transfer their records to the appropriate authority to facilitate the transition of the school systems enacted in Act 1078 of 1999. Subsection (a) (2) allows a county board of education to continue to exist after the drop-dead date of July 1, 2000, if the official specified in (a) (1) was employed full-time in his or her position and has not left his or her office.
[3] I do not opine on whether the "Malvern Chamber of Commerce" has been properly incorporated in the State of Arkansas. I have found no evidence that any such organization has registered with the Secretary of State as a non-profit corporation. It is possible that the Hot Spring County Quorum Court has created an advisory or administrative board under A.C.A. § 14-14-705 and simply named it a "Chamber of Commerce." In that case, the discussions in the preceding sections regarding similar boards would apply here as well.