The Honorable Jerry Taylor State Senator 6203 Ridgewood Drive Pine Bluff, Arkansas 71603-7738
Dear Senator Taylor:
I am writing in response to your request for an opinion on the following question:
If a county quorum court passes an ordinance requiring identification decals on county owned vehicles, are the county judge and other elected county officials obliged to comply with the ordinance?
RESPONSE
It is my opinion that the answer to your question is in all likelihood "yes."
One of my predecessors addressed a similar issue in Op. Att'y. Gen.92-121. In the 1992 opinion, two separate Conway County ordinances were at issue, one of which, after finding that "[t]he Conway County Road Department equipment should be identified as County Property with the exception of Administrative Vehicles," declared that "all County Road Equipment be identified as Conway County Property be [sic] the placement of decals on such equipment in full public view." The question posed in Op. Att'y. Gen. 92-121 was whether this ordinance "infringe[d] upon the executive powers of the county judge as defined by A.C.A. §§ 14-14-1101(a)(3), i.e., `operate the system of county roads.'" My predecessor concluded that the ordinance "[did] not on [its] face infringe upon the executive powers of the county judge." Op. Att'y. Gen. 92-121 at 1.
Amendment 55 to the Arkansas Constitution gives the county judge several different areas of authority, including the power to "authorize and approve disbursement of appropriated county funds, operate the system of county roads; administer ordinances enacted by the Quorum Court; [and to] have custody of county property. . . ." Arkansas Constitution, Amendment 55, §§ 3. This executive authority is also detailed at A.C.A. §§ 14-14-1102 (1), (2) and (3), the latter stating that:
The county judge, as the chief executive officer of the county, shall have custody of county property and shall be responsible for the administration, care, and keeping of such county property, including the right to dispose of county property in the manner and procedure provided by law for the disposal of county property by the county court. The county judge shall have the right to assign or not assign use of such property whether or not the county property was purchased with county funds or was acquired through donations, gifts, grants, confiscation, or condemnation.
The quorum court, on the other hand, is vested with the legislative power to "exercise local legislative authority not denied by the Constitution or by law" (Amendment 55, §§ 1(a)) and to "[e]xercise other powers, not inconsistent with law, necessary for effective administration of authorized services and functions." A.C.A. §§ 14-14-801(b)(13). In addressing the line of demarcation between these two sets of powers, my predecessor in Op. Att'y. Gen. 92-121 first mentioned the "separation of powers" doctrine, set out as to counties at A.C.A. §§ 14-14-502(b) (Supp. 2005) as follows: "No person or collection of persons being one of these departments, legislative, executive, or judicial, shall exercise any power belonging to either of the others, except in the instances expressly directed or permitted." Reference was then made to the case of Walker v. Washington County, 263 Ark. 317, 564 S.W.2d 513
(1978), in which the Arkansas Supreme Court upheld a county ordinance requiring all county constitutional offices to be open to serve the public from 8:00 a.m. until 4:30 p.m., Monday through Friday. After recounting the Arkansas Supreme Court's reliance on A.C.A. §§ 14-14-801(b)(13) (investing the quorum court with power to exercise powers necessary for effective administration of authorized services and functions), my predecessor then concluded that:
With regard to the county ordinances in question, it is my opinion that the requirements imposed thereunder with respect to county road equipment and materials fall within the quorum court's authority to exercise powers necessary for effective administration of authorized services and functions. See A.C.A. 14-14-801(b)(13). The county judge has the authority to operate the system of county roads, and he has the custody of and is responsible for the administration, care, and keeping of county property. See Ark. Const. amend. 55, 3; A.C.A 14-14-1101 and14-14-1102. The ordinances relate to the provision of these necessary services and do not, in my opinion, constitute an unreasonable exercise of the quorum court's authority. See generally Walker v. Washington Co., supra.
Id. at 3.
Even though your question is not identical to that posed in Op. Att'y. Gen. 92-121 and you have not enclosed any particular ordinance in this regard for my review, I concur in the general conclusion of my predecessor that an ordinance requiring the placement of decals on county-owned vehicles would not generally violate the principle of separation of powers in county government or intrude into the powers reserved to the county judge or other county constitutional officers.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:ECW/cyh