Stephen Tabor, Prosecuting Attorney Twelfth Judicial District Sebastian County Courthouse 36 South 6th Street Fort Smith, Arkansas 72901
Dear Mr. Tabor:
I am writing in response to your request for my opinion regarding the constitutionality of a proposed Sebastian County ordinance. The proposed ordinance provides in pertinent part:
 Section 2. All County Employees shall use county owned vehicles and/or equipment to conduct official county business only.
 Section 3. County vehicles may be taken to the employee[']s primary residence during off duty hours only if the employee is required as a part of his/her normal county employment to respond to an emergency during his/her off duty hours.
Chief Deputy Prosecuting Attorney Daniel Shue, who drafted the proposed ordinance, has reported the following constitutional concern to Sebastian County Judge David Hudson:
 [T]here exists an issue of violation of the separation of powers between the executive branch of county government and the legislative branch with regard to this proposed ordinance. Arkansas Constitution, Amendment 55, Section 3, gives the County Judge power to "authorize and approve disbursements of appropriated county funds; operate the system of county road; administer ordinances enacted by the Quorum Court [and to] have custody of county property . . .". On the other hand, the Quorum Court is vested with the legislative power to "exercise local legislative authority not denied by the Constitution or by law" and to "[e] [sic] exercise other powers, not inconstant [sic: "inconsistent"] with law, necessary for effective administration of authorized services and functions." Amendment 55, Section 1(a) and A.C.A. § 14-14-801(b)(13). Obviously, there is a line of demarcation and I can give no assurance to the Quorum Court that this proposed ordinance, if passed, could withstand a challenge from a proper party in the executive branch.
RESPONSE
In my opinion, the proposed ordinance suffers from no constitutional infirmity and does not impermissibly encroach on the powers of the county judge.
County government in Arkansas comprises separate branches of government, including a legislative and an executive branch. In this regard, A.C.A. § 14-14-502 (Supp. 2005) provides in pertinent part:
 (a) Division. The powers of the county governments of the State of Arkansas shall be divided into three (3) distinct departments, each of them to be confined to a separate body, to wit: Those that are legislative to one, those that are executive to a second, and those that are judicial to a third.
 (b)(1) Legislative. All legislative powers of the county governments are vested in the quorum court. The people reserve to themselves the power to propose county legislative measures and to enact or reject them at the polls independent of the quorum court. The people also reserve to themselves the power, at their option, to approve or reject at the polls any entire ordinance enacted by a quorum court.
 (2)(A) Executive. The executive divisions of a county government shall consist of:
 (i) The county judge, who shall perform the duties of the chief executive officer of the county as provided in Arkansas Constitution, Amendment 55, Section 3, and as implemented in this chapter and who shall preside over the quorum court without a vote but with the power of veto[.]
As one of my predecessors noted in Ark. Op. Att'y Gen. No.2001-305:
 Similar to the state government (see Ark. Const. art. 4, §§ 1 and 2), county government in Arkansas is comprised of separate branches in order to provide a system of checks and balances. See Ark. Const. amend. 55; A.C.A. § 14-14-502 (Supp. 2001); Walker v. Washington Co., 263 Ark. 317, 564 S.W.2d 513
(1978). Under the classic division of the powers, the legislature makes the laws and appropriates public revenues, the executive administers the laws and expends the appropriations, and the judiciary interprets the laws. Federal Express Corp. v. Skelton, 265 Ark. 187, 578 S.W.2d 1 (1979).
In Ark. Op. Att'y Gen. No. 89-365, another of my predecessors remarked:
 [T]he county judge, as the chief executive officer of the county, is responsible for the custody and care of county property. See A.C.A. 14-14-1102(b)(3). The county judge has the right to assign or not to assign use of such property. Id. The judge may promulgate reasonable rules and regulations in this regard. See A.C.A. 14-14-1104. The use of county property for private interests is, however, as a general matter, contrary to law and may result in an "illegal exaction." See e.g., Pogue v. Cooper, 284 Ark. 105, 679 S.W.2d 207 (1984).
With respect to the relationship between the quorum court and the county judge, another of my predecessors in Ark. Op. Att'y Gen. No. 93-009 offered the following analysis:
 . . . A.C.A. 14-14-1102 (b)(3) gives the county judge the "custody of county property," and states that he or she "shall be responsible for the administration, care, and keeping of such county property, including the right to dispose of county property in the manner and procedure provided by law for the disposal of county property by the county court. The county judge shall have the right to assign or not assign use of such property. . . ." This authority emanates from Amendment 55 to the Arkansas Constitution, which states that the county judge shall "have custody of county property. . . ." Amendment 55, 3.
 It should also be recognized, however, that the county quorum court is authorized by Amendment 55 to "exercise local legislative authority not denied by the Constitution or by law." Additionally, Section 4 of that amendment states that the quorum court has the power to "adopt ordinances necessary for the government of the county." Finally, the quorum court has the power to "[e]xercise the powers, not inconsistent with law, necessary for effective administration of authorized services and functions." A.C.A. 14-14-801(b)(13).
 On the one hand, therefore, the county judge has custody and responsibility for the care and administration of county property, and on the other hand the quorum court has the power to adopt ordinances necessary for the operation of county government. A similar conflict of authority was addressed in Walker v. Washington County, 263 Ark. 317, 564 S.W.2d 513 (1978). In Walker, a county ordinance required all county constitutional offices to be open and serve the public from 8:00 a.m. until 4:30 p.m. Monday through Friday. The county collector, who was convicted of violating the ordinance, challenged its validity as running afoul of the separation of powers doctrine. He argued that the quorum court (the legislative branch) had no authority to encroach upon the authority of the county constitutional officers (the executive branch) by setting hours of operation for their offices. The court, citing the quorum court's constitutional and statutory authority, rejected this argument and found "no conflict between the ordinance and the separation of powers provisions of our Constitution and companion legislation." 263 Ark. at 320.
Your apparent concern is whether the proposed ordinance, in directing that county employees drive county vehicles home only if they are subject to emergency calls during their off-duty hours, would impermissibly encroach upon the county judge's control over county property pursuant to Amendment 55. In my opinion, this proposed ordinance falls well within the scope of the quorum court's legislative authority.
With respect to the constitutional separation of powers, I do not believe a legislative declaration of the sort at issue would impermissibly encroach on the powers of the county judge. As I noted in Ark. Op. Att'y Gen. No. 2005-252, in which I opined that a quorum court could, without violating the separation of powers, legislatively decree that county vehicles bear identifying decals:
 In addressing the line of demarcation between these two sets of powers [viz., those of the quorum court and the county judge, respectively], my predecessor in Op. Att'y. Gen. 92-121 first mentioned the "separation of powers" doctrine, set out as to counties at A.C.A. § 14-14-502(b) (Supp. 2005) as follows: "No person or collection of persons being one of these departments, legislative, executive, or judicial, shall exercise any power belonging to either of the others, except in the instances expressly directed or permitted." Reference was then made to the case of Walker v. Washington County, 263 Ark. 317, 564 S.W.2d 513 (1978), in which the Arkansas Supreme Court upheld a county ordinance requiring all county constitutional offices to be open to serve the public from 8:00 a.m. until 4:30 p.m., Monday through Friday. After recounting the Arkansas Supreme Court's reliance on A.C.A. § 14-14-801(b)(13) (investing the quorum court with power to exercise powers necessary for effective administration of authorized services and functions), my predecessor then concluded that:
 With regard to the county ordinances in question, it is my opinion that the requirements imposed thereunder with respect to county road equipment and materials fall within the quorum court's authority to exercise powers necessary for effective administration of authorized services and functions. See A.C.A. 14-14-801(b)(13). The county judge has the authority to operate the system of county roads, and he has the custody of and is responsible for the administration, care, and keeping of county property. See Ark. Const. amend. 55, 3; A.C.A 14-14-1101 and 14-14-1102. The ordinances relate to the provision of these necessary services and do not, in my opinion, constitute an unreasonable exercise of the quorum court's authority. See generally Walker v. Washington Co., supra.
In my opinion, the quorum court's highly reasonable restriction on the use of county vehicles clearly falls within the range of what my predecessor rightly termed "the quorum court's authority to exercise powers necessary for effective administration of authorized services and functions." I do not believe the proposed legislation would in any way impair the county judge's authority over county property as bestowed by Amendment 55.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB/JHD:cyh