The Honorable David Dunn State Representative Post Office Box 208 Forrest City, AR 72336
Dear Representative Dunn:
I am writing in response to your request for an opinion on the following:
 1. Can the Quorum Court pass an ordinance which states that an elected official must obtain permission of the court before changing a line item within their budget, even though it does not change the total appropriation?
 2. Can the Quorum Court, by ordinance, reduce the bidding price required of each purchase from $15,000 to $5,000, and if so can the excluded items be changed?
RESPONSE
In my opinion, with respect to your first question, the answer is "no." See generally Op. Att'y Gen. 2004-302. With respect to your second question, it is my opinion that creating a more stringent requirement for bidding procedures is allowable under state law, see Op. Att'y Gen. 96-213, though I am unable to discern the nature of the second half of your second question regarding "can the excluded items be changed."
Question One: Can the Quorum Court pass an ordinance whichstates that an elected official must obtain permission of thecourt before changing a line item within their budget, eventhough it does not change the total appropriation?
I analyzed the powers of a Quorum Court over several boards and commissions in Op. Att'y Gen. 2004-302 stating:
 As a preliminary matter, I wish to review the powers and authority granted a Quorum Court. The Quorum Court is the legislative branch of county government. Ark. Const. Art. 4 §§ 1 and 2; and A.C.A. § 14-14-502
(Supp. 2003). Specifically, A.C.A. § 14-14-502(b)(1) provides:
 LEGISLATIVE. All legislative powers of the county governments are vested in the quorum court.
 * * *
 As the legislative branch of county government, the Quorum Court makes the laws and appropriates public revenues. Federal Express Corp. v. Skelton, 265 Ark. 187, 197-98, 578 S.W.2d 1 (1979). See also Op. Att'y Gen. 2004-177; and Op. Att'y Gen 2000-262 (citing Walker v. Washington Co., 263 Ark. 317, 564 S.W.2d 513 (1978)). County governments must observe the separation of powers doctrine between their branches of government. A.C.A. § 14-14-502(c). The Quorum Court clearly has the power to appropriate funds. Skelton, supra; see also A.C.A. § 14-14-801
(Supp. 2003). The Quorum Court, however, may not intrude on the functioning of the executive branch by creating a line-item budget that infringes on the executive's power to supervise, manage, control, and execute the laws. Chaffin v. Arkansas Game and Fish Comm'n, 296 Ark. 431, 443-44, 757 S.W.2d 950 (1988). See also Op. Att'y Gen. 89-206.
 * * *
 The day-to-day operations of the county government are, by and large, left to the elected officials of the county as per A.C.A. § 14-14-502. Specifically, A.C.A. § 14-14-805(2) (Repl. 1998) provides that, "The day-to-day administrative responsibility for each county office shall continue to rest within the discretion of the elected county officials." See also, Op. Att'y Gen. 2004-177. When a legislative body reserves, through an appropriations bill or ordinance, the power of close supervision of an executive body, it is in danger of violating the separation of powers doctrine discussed above. Chaffin, 269 Ark. at 443-44. See also, Op. Att'y Gen. 2000-262. I will reiterate that the advisory and administrative boards must be established by ordinance and that the Quorum Court may impose certain limitations on the Boards' power through the enabling ordinance. Furthermore, with respect to the expenditures of budget, my predecessor opined that a county official did not need to go before the Quorum Court for approval of a purchase that had already been budgeted. Op. Att'y Gen. 91-398. I agree with this opinion and reiterate that as long as there has been a valid appropriation by the Quorum Court, a county executive official does not need to go before the Quorum Court for approval of a purchase. Id.; see also Op. Att'y Gen. 2000-262; and Op. Att'y Gen. 89-206.
Op. Att'y Gen. 2004-302.
I note some uncertainty over the nature of the line-item appropriations made and what sort of modifications are occurring or being contemplated in your request for an opinion. It appears from your request for an opinion that the Quorum Court of St. Francis County proposes to pass an ordinance that would require a county official to apply for permission from the Quorum Court for any purchase of equipment, properties, supplies, or services where the contract price exceeds five thousand dollars. The ordinance does not mention line-item appropriations, and you have provided no additional facts describing the elected officials "changing a line item" within his or her budget.
Your questions raise the possibility of an unlawful encroachment by the legislative branch into the discretion granted an official of the executive branch under the separation of powers doctrine. See A.C.A. § 14-14-502(b) (Repl. 1998). While the Quorum Court, as the legislative body of the county, has the power of appropriation, it may not encroach on the executive functions of other county officials. The Quorum Court, therefore, cannot retain a right to administer a previously approved appropriation. See Chaffin, supra. The Arkansas Supreme Court, quoting a Montana case with approval, described this limitation as follows:
 [T]he legislature cannot do indirectly through the means of line item appropriations and conditions what it is impermissible for it to do directly. Line item appropriations become constitutionally impermissible when the authority of the Regents to supervise, coordinate, manage and control the university system is infringed by legislative control over expenditures
Chaffin, 296 Ark. at 437 (quoting Board of Regents of HigherEducation v. Judge, 168 Mont. 433, 543 P.2d 1323 (1975)). As noted above, the executive branch is to execute the law and to supervise, manage, and control the day to day operations of the county. Your request for an opinion asks whether an elected official may be required to obtain permission of the quorum court prior to "changing a line item within their budget." I must note in response to this question that a county elected official is not empowered to "change" a line-item appropriation that has been passed by the quorum court. In this regard A.C.A. §14-14-907(a)(2) (Repl. 1998), provides that "amendment[s] to appropriation ordinances may be introduced in the manner provided by law for the introduction of ordinances." Nevertheless, one of my predecessors has stated that "there may be instances in which line item appropriations and other conditions attached to expenditures will be deemed to impermissibly infringe upon an officer's authority to manage his office." Op. Att'y Gen.1989-365. My predecessor also noted that this determination will involve a factual question in each instance. Id. While I am unable to offer a definitive opinion because of the factually intensive inquiry required when determining whether the legislative branch of government has encroached on the functioning of the executive branch of government, it is my opinion that a court would likely find the quorum court's proposed ordinance requiring permission prior to an expenditure exceeding five thousand dollars a violation of the separation of powers doctrine. Once properly appropriated, the quorum court may not micromanage the expenditures of funds by the executive branch. See Ops. Att'y Gen. 2004-302; 98-398; 89-365; and
89-206.
Question Two: Can the Quorum Court, by ordinance, reduce thebidding price required of each purchase from $15,000 to $5,000,and if so can the excluded items be changed?
With respect to the first half of your second question, in my opinion the answer is "yes." With respect to the second half of your second question, "and if so can the excluded items be changed," I cannot determine the focus of the inquiry.
A county may only exercise local legislative authority in manners consistent with state law. Kollmeyer v. Greer,267 Ark. 632, 593 S.W.2d 29 (1980). State law specifically precludes a county from exercising any local legislative control, unless otherwise specifically provided, over "[a]ll laws regulating finance or borrowing procedures and powers of local government." A.C.A. § 14-14-807(6) (Repl. 1998). The ordinance in question does not, in my opinion, regulate the finances of a local government to preclude potential local legislative control. The Arkansas Code provides, in pertinent part:
 All purchases of commodities made by any county purchasing official with county funds, except those specifically exempted by this chapter, shall be made as follows:
 (1) Formal bidding shall be required in each instance in which the estimated purchase price shall equal or exceed fifteen thousand dollars ($15,000);
 (2) Open market purchases may be made of any commodities where the purchase price is less than fifteen thousand dollars ($15,000); and
 (3) No purchasing official shall parcel or split any items of commodities or estimates with the intent or purpose to change the classification or to enable the purchase to be made under a less restrictive procedure.
A.C.A. § 14-22-104 (Supp. 2005). In describing a county's potential authority to enact local legislation in light of existing State legislation or regulation, the Code states:
 (a) A county government exercising local legislative authority is prohibited the exercise of any power in any manner inconsistent with state law or administrative regulation in any area affirmatively subjected by law to state regulation or control.
 (b) The exercise of legislative authority is inconsistent with state law or regulation if it establishes standards or requirements which are lower or less stringent than those imposed by state law or regulation.
 * * *
A.C.A. § 14-14-808 (Repl. 1998).
Arkansas Code Annotated § 14-22-104 requires that a competitive bidding procedure be used when the cost of an expenditure is greater then $15,000.00. The ordinance you describe would be more stringent requiring competitive bidding at a $5,000.00 threshold. Similar to Op. Att'y Gen. 96-213, where one of my predecessor's opined that a Quorum Court could require competitive bidding on contracts for items exempted from the state law as a more stringent bidding requirement, it is my opinion that the Quorum Court may impose a more stringent requirement by requiring a formal bidding procedure for any county purchases equal to or exceeding $5,000.00.
I am unable to determine the nature of the second half of your inquiry on this matter. The wording "and if so can the excluded items be changed" is unclear in this context. To the extent your question involves a local requirement for bidding on items excluded from bid requirements under state law, I would refer you to the discussion of this issue in Op. Att'y Gen. 96-213, with which I concur.
Assistant Attorney General Joel DiPippa prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE, Attorney General
MB:JMD/cyh